UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA GARZA,

   Plaintiff,          Case Number

v.                 Honorable

CREDIT UNION ONE,

   Defendant.
_____/

Nemer N. Hadous (CA #264431)
Robert A. Hadous (P-32635)
HADOUS|CO. PLLC
24725 W. 12 Mile Rd., Ste. 110
Southfield, Michigan 48034
(248) 663-5155
nhadous@hadousco.com
Attorneys for Plaintiff Angela Garza

## **COMPLAINT**

Plaintiff, Angela Garza, ("Plaintiff"), by counsel, brings this action for damages against Defendant Credit Union One ("Defendant") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.

## **JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction because this action arises out of violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper

pursuant to 47 U.S.C. §227(b) (TCPA) (permitting actions to enforce liability in an appropriate United States District Court).

2. Venue in the United States District Court for the Eastern District of Michigan is proper because Plaintiff resides in this District, Defendants regularly transact business within this District and are otherwise subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

4. During all time relevant to this Complaint, Plaintiff was a citizen and resident of Wayne County, State of Michigan.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (10).

6. During all time pertinent to this Complaint, Defendant was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

7. Defendant is a corporation organized under the laws of the State of Michigan and is a "person," as defined by 47 U.S.C. § 153 (10).  Defendant can be served with process at its registered office address: 400 East Nine Mile Road Ferndale, Michigan 48220.

8.      During all time pertinent to this Complaint, Defendant acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

9.      Any violations by Defendants as set forth in this Complaint were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

10.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

11.     Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.     The TCPA regulates, *inter alia*, use of automated telephone equipment, or "autodialers." Specifically, the plain language of § 227(b)(l)(A)(iii) prohibits use of autodialers to make any call to a wireless number in the absence of an emergency or prior express consent of the called party.

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be inconvenient.

14. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

15. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

16. An "automatic telephone dialing system" means any equipment that has the "capacity to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011).

**FACTUAL ALLEGATIONS**

17. In November 2016, Defendant began making repetitive robocalls to Plaintiff's mobile telephone, ending in 2164.

18. Some of these calls are hung up, with no apparent person or representative on the other end of the line when Plaintiff answers. During others, Plaintiff hears automated messages, or silence and then clicking as the automated call is transferred to a live human being who begins to speak after a brief silence.

19. Defendant calls Plaintiff from the telephone numbers (888) 819-2135 and (866) 645-7078. These numbers are affiliated with, owned and operated by Defendant.

20. On December 15, 2016, after receiving several robocalls and messages, Plaintiff advised Defendant she did not wish to be contacted by Defendant anymore, and asked for Defendant's calls to stop—thereby revoking consent to be contacted. Rather than cease these calls, Defendant continued to autodial Plaintiff and leave automated messages.

21. Despite Plaintiff's revocation, Defendant continues to harass Plaintiff on a near daily basis by repeatedly calling her mobile phone.

22. The telephone number Defendant contacts Plaintiffs at with its "automatic telephone dialing system," is assigned to cellular telephone services as specified in 47U.S.C. § 227(b)(l)(A)(iii).

23. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place these repeated calls to Plaintiff.

24. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

25. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

26. Defendant's calls are placed to a telephone number assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

27. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

28. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked, when Plaintiff told Defendant to stop calling him on three separate occasions.

29. The natural consequence of Defendant's statements and actions is to produce an unpleasant and hostile situation between Defendant and Plaintiff.

30. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT ONE
### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

31. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

32. The TCPA is intended to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs.

"Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

33. In enacting the TCPA, Congress found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Mims* 132 S. Ct. at 744.

34. Section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages. An "automatic telephone dialing system" means any equipment that has the "capacity to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011).

35. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff, using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, as evidenced by the pre-recorded nature of the calls.

36. On December 15, 2016, Plaintiff instructed Defendant not to call her anymore, thereby revoking consent to be contacted by Defendant.

37. Rather than cease its collection calls, Defendant continues to autodial Plaintiff and leave automated messages.

38. Defendant's collection telephone calls to Plaintiff are without Plaintiff's prior express consent.

39. Defendant's conduct therefore violates the TCPA by Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

## **PRAYER FOR RELIEF**

40. **WHEREFORE**, Plaintiff, respectfully requests judgment against Defendant, for the following:

(a) For Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

(b) For Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

(c) Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future as well as any other relief that this Honorable Court deem just and proper, including post-judgment interest.

## JURY DEMAND

Plaintiff hereby demands jury trial on all issues so triable.

**RESPECTFULLY SUBMITTED** this ___ day of March 2017,

**HADOUS|CO. PLLC**

/s/Nemer N. Hadous
Nemer N. Hadous (CA: 264431)
Robert A. Hadous (P-32365)
24725 W. 12 Mile Rd., Ste. 110
Southfield, Michigan 48034
Phone: (248) 663-5155
Email: nhadous@hadousco.com
Attorneys for Plaintiff Angela Garza