UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA GARZA,

        Plaintiff,

v.

CREDIT UNION ONE and AP
ACCOUNT SERVICES, LLC,

        Defendants.
_____/

Case No. 17-10673

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

# ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS FOR UP TO 90 DAYS

Plaintiff Angela Garza alleges in this action that Defendants Credit Union One and AP Account Services, LLC made repetitive automated calls to her mobile phone in violation of the Telephone Consumer Protection Act ("**TCPA**"), 47 U.S.C. § 227. Now before the Court is Defendants' Motion to Stay Proceedings (ECF No. 30), through which Defendants seek a stay of this case pending the resolution of the appeal before the United States Court of Appeals for the D.C. Circuit in *ACA International v. FCC, et al.*, No. 15-1211 (D.C. Cir. filed July 10, 2015). The D.C. Circuit heard argument in *ACA International* on October 19, 2016. Finding that there is no need for oral argument here, the Court will rule on Defendants' Motion based on the parties' written submissions. *See* E.D. Mich. LR 7.1(f).

Defendants argue that certain issues raised in *ACA International* could have

bearing on this action: specifically, the proper standards for determining when a piece of telecommunications equipment constitutes an automatic telephone dialing system ("**ATDS**") under the TCPA, and when a plaintiff has effectively revoked consent to receive calls. A stay of this action is thus warranted, according to Defendants, because *ACA International* could narrow the issues in this case and potentially conserve the resources of the parties as well as the Court.

This Court and other courts within the Eastern District of Michigan have stayed similar TCPA actions based on a recognition that the D.C. Circuit's ruling in *ACA International* could be highly relevant in the adjudication of claims like those asserted in this action. *See Patterson v. Ally Financial, Inc.*, No. 16-CV-14505, ECF No. 15 (E.D. Mich. Apr. 5, 2017); *see also Tilley v. Ally Fin., Inc.*, No. 16-CV-14056, 2017 WL 1732021 (E.D. Mich. Apr. 26, 2017); *Jones v. Credit Acceptance Corp.*, No. 15-CV-13165, 2016 WL 7320919 (E.D. Mich. Oct. 31, 2016), *report and recommendation adopted*, No. 15-CV-13165, 2016 WL 7242141 (E.D. Mich. Dec. 15, 2016). Plaintiff does not distinguish these cases.

Nor is the Court persuaded that Plaintiff would suffer prejudice if the Court grants Defendants' requested stay. The only specific argument that Plaintiff makes in this regard is that Defendants only filed their Motion to Stay Proceedings some two months after she served her discovery requests. The Court declines to find that Plaintiff was unfairly surprised by the instant Motion, however, given that

Defendants had made clear in the parties' Joint Discovery Plan that they were "exploring the possibility of filing a motion for a stay pending the outcome" of *ACA International*. (ECF No. 25 at 4, Pg ID 155.)

Rulings from the D.C. Circuit regarding what equipment is covered by the TCPA or what constitutes consent under the statute—the two issues that underlie the *ACA International* appeal—could provide useful guidance in the litigation of claims premised on the use of autodialing equipment to place nonconsensual phone calls. This Court agrees with the other courts within this District that have recognized as much.[1] Accordingly, the Court GRANTS Defendant's Motion to Stay, and ORDERS that this matter be stayed for up to 90 days from the date of this Order.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: October 13, 2017

---

[1] Plaintiff cites *Currier v. PDL Recovery Grp., LLC*, No. 14-CV-12179, 2017 WL 712887 (E.D. Mich. Feb. 23, 2017), in arguing that courts in the Sixth Circuit have weighed in on the issue of consent under the TCPA. *Currier* is unavailing to Plaintiff, both because the court in *Currier* did not address the other issue in *ACA International* that could bear on this case—what constitutes an ATDS—and because the *Currier* court's decision depended partly on the same administrative order that is challenged in *ACA International*. *See Currier*, 2017 WL 712887, at *9 (citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961, 7996 ¶ 64, 2015 WL 4387780 (2015)).

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 13, 2017.

                                                       s/D. Tofil
                                                       Deborah Tofil, Case Manager